IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DARYL BUCK,                       :
                                  :
         Petitioner               :
                                  :
    v.                            :    CIVIL NO. 3:CV-16-1813
                                  :
WARDEN, LSCI-ALLENWOOD,           :    (Judge Conaboy)
                                  :
         Respondent               :

**MEMORANDUM**

**Background**

Daryl Buck, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Dallas), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. Petitioner has also filed a supporting affidavit and exhibits. See Docs. 2 & 3. Named as Respondent is the LSCI-Allenwood Warden.

Buck's pending action asserts that he is challenging the legality of his Armed Career Criminal Act (ACCA) sentence enhancement. See Doc. 1, p. 2. Petitioner claims that his prior state drug convictions no longer constitute predicate offenses for purposes of the ACCA because of the United States Supreme Court's decision in Descamps v. United States, 570

1

U.S.___ , 133 S.Ct. 2276 (2013).[1]

Petitioner states that he is presently serving a criminal sentence which was imposed by the United States District Court for the Eastern District of Pennsylvania on October 15, 2009. Powers explains that he entered a guilty plea to a charge of being a felon in possession of a firearm. See Doc. 1, p. 4. Despite his objections to the imposition of an ACCA enhancement, he was sentenced to term of 180 months.

There is no indication that Buck pursued either a direct appeal or previously filed a petition pursuant to 28 U.S.C. § 2255. Petitioner argues that the substantive law changed as a result of Descamps. As relief, Petitioner seeks his immediate release.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March

---

[1] Offenses for a violent felony or a serious drug offense may used as predicate offenses for the ACCC. See 18 U.S.C. § 924(e)(1). Descamps concerned the question of whether the use of a burglary conviction as a violent felony offense was appropriate. Buck contends that his prior state convictions on drug charges do not constitute serious drug offenses.

2

19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claim of an improperly enhanced sentence via a § 2241 petition. It would appear that it is Buck's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at LSCI-Allenwood.

When challenging the validity of a federal sentence and not its execution,[2] a federal prisoner is generally limited to

---

[2] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

3

seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d

4

Cir. 2009).

Petitioner's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, Buck's action only challenges his ACCA sentence enhancement. As recognized by the Hon. Kim R. Gibson in <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

It has also been recognized that <u>Descamps</u> does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Nobles</u>, 2015 WL 1208050 * 1 (E.D. Pa. March 17, 2015); <u>United States v. Wolf</u>, Civil No. 1:CV-04-347, 2014 WL 3339601 *2 (M.D. Pa. 2014)(Caldwell, J.).[3]

---

[3] Petitioner also relies on <u>Bryant v. Warden</u>, 738 F.3d 1253 (11th Cir. 2013). However, that decision is not binding on this Court. <u>See</u> <u>Pearson v. Ebbert</u>, 2015 WL 540025 *5 (M.D. Pa. Feb. 10, 2015)(Nealon, J.). In addition Buck references a Williams decision
(continued...)

5

Clearly, Buck' pending claim does not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009); Jordan v. United States, Civil No. 3:CV-14-2048, 2014 WL 7212859 *1-2 (M.D. Pa. Dec. 17, 2014) (Munley, J) (since Descamps cannot be retroactively applied, the Dorsainvil exception does not apply)

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to seek relief under § 2255. An appropriate order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 5th, 2016

---

³(...continued)
ny the Third Circuit Court of Appeals. However, this Court is unable to locate any such case.